IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SONRAI MEMORY LIMITED,**<br>           Plaintiff,<br><br>    *v.*<br><br>**AMAZON.COM, INC.,**<br>           Defendant. | 6:21-CV-00991-ADA |
| **SONRAI MEMORY LIMITED,**<br>           Plaintiff,<br><br>    *v.*<br><br>**GOOGLE LLC,**<br>           Defendant. | 6:21-CV-00167-ADA |

**ORDER DENYING DEFENDANTS' OPPOSED MOTION TO STAY PENDING FINAL
RESOLUTION OF PLAINTIFF'S MANUFACTURER LAWSUITS**

Came on for consideration this date is Defendants' Omnibus Motion to Stay Pending Final Resolution of Plaintiff's Manufacturer Lawsuits, filed December 23, 2021. *See, e.g.*, *Sonrai Memory Limited v. Apple Inc.*, No. 6:21-cv-00401, ECF No. 26 (the "Omnibus Motion"). Plaintiff Sonrai Memory Limited filed an omnibus opposition on January 20, 2022. *See, e.g.*, *Sonrai Memory Limited v. Apple Inc.*, No. 6:21-cv-00401, ECF No. 34 (the "Opposition"). Defendants filed an omnibus reply on February 2, 2022. *See, e.g.*, *Sonrai Memory Limited v. Apple Inc.*, No. 6:21-cv-00401, ECF No. 38 (the "Reply"). After careful consideration of the Omnibus Motion, the Parties' briefs, and the applicable law, the Court **DENIES** Defendants' Omnibus Motion as to the Defendants' requests in the above-captioned actions.

**I. BACKGROUND**

Sonrai is prosecuting eight patent infringement actions, all of which are before this Court. Sonrai is suing entities the Court will refer to as "the Manufacturers": Kioxia Corporation and

1

Kioxia America, Inc. (collectively, "Kioxia"); Western Digital Technologies, Inc. ("Western Digital"); and Samsung Electronics Co., Ltd. ("SEC"). It is also suing several entities the Court will refer to as "the Customers": SEC and Samsung Electronics America, Inc. (collectively "Samsung");[1] Google LLC; LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"); Dell Technologies Inc.; Apple Inc.; Kingston Technology Company, Inc. and Kingston Technology Corporation (collectively, "Kingston"); and Amazon.com, Inc.

Sonrai initiated suit against Kioxia, No. 6:21-cv-00400-ADA (the "Kioxia Action"), Western Digital, No. 6:21-cv-01168 (the "Western Digital Action"), and Samsung, No. 6:21-cv-00169-ADA (the "Samsung Action) (collectively the "Manufacturer Actions"). Sonrai initiated suit against Google (the "Google Action"), LG (the "LG Action"), Dell (the "Dell Action"), Apple (the "Apple Action"), Kingston (the "Kingston Action"), and Amazon (the "Amazon Action") (collectively, the "Customer Actions"). In each case, Sonrai is accusing NAND flash memory chips of infringing certain Sonrai patents. One such chip is the SanDisk/Toshiba 64L 3D NAND flash chip with the die identifier FRN1256G. The Court will refer to this chip as the "Accused Kioxia and Western Digital Chip" because Kioxia Corporation and Western Digital co-designed it. Another is a NAND flash memory with package marking SEC 110 BOE1 KLUDG4UHDC SD3P300B. The Court will refer to this chip as the "Accused Samsung Chip" because SEC designed it.

---

[1] SEC is both a Customer Defendant, because it manufactures and sells downstream products that incorporate the Accused Kioxia and Western Digital Chip," and a Manufacturer Defendant, because it also manufactures the Accused Samsung Chip Sonrai separately accuses of infringement.

Amazon and Google (the "Instant Customers") joined the Omnibus Motion to request that certain infringement claims against them be severed from their respective main action and stayed pending resolution of the relevant Manufacturer Actions pursuant to the customer-suit exception.

In the Kioxia Action, Sonrai alleges that Kioxia infringes U.S. Patent Nos. 6,724,241 (the "'241 patent") and 7,436,232 (the "'232 patent") by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip. In the Western Digital Action, Sonrai alleges that Western Digital infringes the '241 patent and '232 patent by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip.

In the Samsung Action, Sonrai alleges that Samsung infringes the '241 patent by commercializing (1) the Accused Samsung Chip and downstream products including that chip; and (2) downstream products including the Accused Kioxia and Western Digital Chip. Samsung requests that the latter claims be stayed pending resolution of the Kioxia Action and the Western Digital Action. Omnibus Motion at 20. It also proposes that litigation of the Accused Samsung Chip's infringement of the '241 patent continue, but, pending resolution of that claim, the claim directed to downstream products including the Accused Samsung Chip be stayed. *Id.* Samsung agrees to be bound by any infringement determination in the Kioxia Action and the Western Digital Action as to the Accused Kioxia and Western Digital Chips. *Id.* at 15. Samsung does not agree to be bound by any invalidity determination in those actions. *See id.*

In the Amazon Action, Sonrai alleges that Amazon infringes the '241 patent by commercializing (1) downstream products including the Accused Kioxia and Western Digital Chip; and (2) downstream products including the Accused Samsung Chip. Amazon requests that the '241 patent claim against it be stayed pending resolution of the Kioxia Action, the Western Digital Action, and the Samsung Action. Omnibus Motion at 20. (Sonrai has also accused Amazon

of infringing the '014 patent and '691 patent; Amazon requests that those claims be severed. *Id.* at 20.) Samsung agrees to be bound by any infringement determination in (1) the Kioxia Action and the Western Digital Action as to the Accused Kioxia and Western Digital Chip; and (2) the Samsung Action as to the Accused Samsung Chip. *Id.* at 15. Amazon does not agree to be bound by any invalidity determination in those actions. *See id*.

In the Google Action, Sonrai alleges that Google infringes the '241 patent by commercializing downstream products including the Accused Kioxia and Western Digital Chip. Google requests that the '241 patent claim against it be stayed pending resolution of the Kioxia Action and the Western Digital Action. Omnibus Motion at 20. (Sonrai has also accused Google of infringing the '014 patent; Google requests that that claim be severed. *Id.*) Google agrees to be bound by any infringement determination in the Kioxia Action and the Western Digital Action as to the Accused Kioxia and Western Digital Chips. *Id.* at 15. Google does not agree to be bound by any invalidity determination in those actions. *See id*.

The Manufacturers and Customers filed the Omnibus Motion in each of these eight infringement actions. The Omnibus Motion is fully briefed and ripe for judgment.

## II. LEGAL STANDARD

A trial court has broad discretion to stay an action against a party to promote judicial economy. *See Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-5, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Where suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365–66 (Fed. Cir. 2014).

4

The "customer-suit exception" to the first-filed rule provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365 (citation omitted). "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

To warrant a stay of the customer suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464). Courts are instructed to use a "flexible approach" to avoid wasteful expenditure of resources, and therefore "stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Nintendo*, 756 F.3d at 1365-66 (the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination" (citations omitted)).

In determining whether the customer suit exception applies, the court analyzes three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 U.S. Dist. LEXIS 142173, at *14 (E.D. Tex. Aug. 22, 2018) (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*,

No. 2:13-CV-909, 2015 U.S. Dist. LEXIS 675, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted).

The factors courts typically consider when determining whether to grant a stay include: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014).

### III. ANALYSIS

#### A.    Stay Under the Customer-Suit Exception

##### 1. Are the Instant Customers Merely Resellers?

The Instant Customers are more than mere resellers of the Accused Chips. The parties recognize that the Customer Actions focus on "downstream products" containing the Accused Chips. Omnibus Motion at 1. Yet, in this Court's judgment, the "significant overlap" in the Manufacturer and Customer infringement contentions draw this Action nearer the customer-suit exception. *In re Google Inc.*, 588 F. App'x 988, 990–91 (Fed. Cir. 2014) (rejecting a rigid approach to the "mere reseller" standard). The Customers and Manufacturers assert that "the asserted claims of the '241 patent are all apparatus claims that are being asserted exclusively against the circuitry of the Accused Chips in the accused products." Reply at 4–5. That representation is uncontroverted. Sonrai has also not questioned the Customers' representation that, "[f]or each customer, Sonrai provided the same '241 patent infringement claim chart that it had attached to the Western Digital and Kioxia complaints, which compares claim 1 of the '241 patent to the same purported teardown analysis" of die identifier FRN1256G. Omnibus Motion at 6. And "[a]s to the Accused Samsung Chips, the allegation is based solely on Amazon's sale of products that allegedly

incorporate those chips and identifies the same exemplary downstream product (i.e., Samsung Galaxy S21) identified in Plaintiff's amended infringement contentions against Samsung." Omnibus Motion at 9. This overlap suggests that this Court's determinations in the Manufacturer Actions will simplify the Customer Actions so long as the Customers agree to be bound by those determinations.

2. Do the Instant Customers Agree to Be Bound?

The Instant Customers have agreed to be bound by any infringement determination in the Kioxia Action and Western Digital Action as to the Accused Kioxia and Western Digital Chip. Omnibus Motion at 15. Amazon has also agreed to be "bound by the outcome in the Samsung [Action] of any infringement determination as to the Accused Samsung Chips." *Id.* But the Instant Customers have not agreed to be bound by any validity or invalidity determination.

The Court is not satisfied with the agreements offered by the Instant Customers. In refusing to be bound by invalidity decisions rendered by this Court in the Manufacturer Actions, the Instant Customers ask for two bites at the apple. The Court will not delay the Amazon and Google Actions pending resolution of the Manufacturer Actions just so the Instant Customers can put on their own invalidity case if they are unhappy with the result of the Manufacturer Actions. This is too prejudicial to Sonrai and diminishes the degree to which a stay would simplify the issues in the Google and Amazon Actions.

The Court concludes, then, that the Instant Customers have not established their entitlement to a stay, having stumbled at the second factor in the customer-suit analysis and the first two factors in the traditional stay analysis.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Omnibus Motion as to the Defendants' requests in the above-captioned actions is **DENIED**. It is therefore **ORDERED**:

- In the Amazon Action, No. 6:21-CV-00991, ECF No. 17 is **DENIED**.

- In the Google Action, 6:21-CV-00167, ECF No. 32 is **DENIED.**

SIGNED this 23rd day of February, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE