IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SONRAI MEMORY LIMITED,** <br>          **Plaintiff,** <br> <br> v. <br> <br> **AMAZON.COM, INC.,** <br>          **Defendant.** | 6:21-cv-00991-ADA |

**ORDER RECONSIDERING, ALTERING, AND AMENDING THE ORDER DEYING AMAZON.COM'S OPPOSED MOTION TO STAY PENDING FINAL RESOLUTION OF PLAINTIFF'S MANUFACTURER LAWSUIT [ECF NO. 25]**

Under Federal Rule of Civil Procedure 52, this Court "is free to reconsider and reverse its decision" in an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). The Court will, in view of new representations by Defendant Amazon.com, exercise that discretion here to reconsider and vacate its order at ECF No. 25 denying Amazon's requested stay (the "Original Order").[1]

**I. DISCUSSION**

Plaintiff Sonrai Memory Limited is prosecuting eight patent infringement actions, all of which are before this Court. Sonrai is suing entities the Court will refer to as "the Manufacturers": Kioxia Corporation and Kioxia America, Inc. (collectively, "Kioxia"); Western Digital Technologies, Inc. ("Western Digital"); and Samsung Electronics Co., Ltd. ("SEC"). It is also suing several entities the Court will refer to as "the Customers": SEC and Samsung Electronics

---

[1] By vacating the Original Order, the Court does not mean to vacate the identical order entered in *Sonrai Memory Limited v. Google LLC*, 6:21-CV-00167-ADA.

1

America, Inc. (collectively "Samsung");[2] Google LLC; LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"); Dell Technologies Inc.; Apple Inc.; Kingston Technology Company, Inc. and Kingston Technology Corporation (collectively, "Kingston"); and Amazon.com, Inc.

Sonrai initiated suit against Kioxia, No. 6:21-cv-00400-ADA (the "Kioxia Action"), Western Digital, No. 6:21-cv-01168 (the "Western Digital Action"), and Samsung, No. 6:21-cv-00169-ADA (the "Samsung Action) (collectively the "Manufacturer Actions"). Sonrai initiated suit against Google (the "Google Action"), LG (the "LG Action"), Dell (the "Dell Action"), Apple (the "Apple Action"), Kingston (the "Kingston Action"), and Amazon (the "Amazon Action") (collectively, the "Customer Actions"). In each case, Sonrai is accusing NAND flash memory chips of infringing certain Sonrai patents. One such chip is the SanDisk/Toshiba 64L 3D NAND flash chip with the die identifier FRN1256G. The Court will refer to this chip as the "Accused Kioxia and Western Digital Chip" because Kioxia Corporation and Western Digital co-designed it. Another is a NAND flash memory with package marking SEC 110 BOE1 KLUDG4UHDC SD3P300B. The Court will refer to this chip as the "Accused Samsung Chip" because SEC designed it.

Amazon joined the Omnibus Motion to request that certain infringement claims against it be severed from the Amazon Action and stayed pending resolution of the relevant Manufacturer Actions pursuant to the customer-suit exception.

---

[2] SEC is both a Customer Defendant, because it manufactures and sells downstream products that incorporate the Accused Kioxia and Western Digital Chip," and a Manufacturer Defendant, because it also manufactures the Accused Samsung Chip Sonrai separately accuses of infringement.

In the Kioxia Action, Sonrai alleges that Kioxia infringes U.S. Patent Nos. 6,724,241 (the "'241 patent") and 7,436,232 (the "'232 patent") by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip. In the Western Digital Action, Sonrai alleges that Western Digital infringes the '241 patent and '232 patent by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip.

In the Samsung Action, Sonrai alleges that Samsung infringes the '241 patent by commercializing (1) the Accused Samsung Chip and downstream products including that chip; and (2) downstream products including the Accused Kioxia and Western Digital Chip. Samsung requests that the latter claims be stayed pending resolution of the Kioxia Action and the Western Digital Action. Omnibus Motion at 20. It also proposes that litigation of the Accused Samsung Chip's infringement of the '241 patent continue, but, pending resolution of that claim, the claim directed to downstream products including the Accused Samsung Chip be stayed. *Id.* Samsung agrees to be bound by any infringement determination in the Kioxia Action and the Western Digital Action as to the Accused Kioxia and Western Digital Chips. *Id.* at 15. Samsung does not agree to be bound by any invalidity determination in those actions. *See id.*

In the Amazon Action, Sonrai alleges that Amazon infringes the '241 patent by commercializing (1) downstream products including the Accused Kioxia and Western Digital Chip; and (2) downstream products including the Accused Samsung Chip. Amazon requests that the '241 patent claim against it be stayed pending resolution of the Kioxia Action, the Western Digital Action, and the Samsung Action. Omnibus Motion at 20. (Sonrai has also accused Amazon of infringing the '014 patent and '691 patent; Amazon requests that those claims be severed. *Id.* at 20.)

On February 23, 2022, the Court issued the Original Order denying Amazon's requested stay because Amazon did not agree to be bound by any validity/invalidity determination in the Manufacturer Actions as to the '241 patent. *See* Original Order at 7. Yet the Court granted similar stays requested by LG, Dell, Apple, and Kingston, at least because each agreed to be bound by such validity/invalidity determinations. *See, e.g.*, LG Action, ECF No. 40. On February 25, 2022, counsel for Amazon contacted the Court's clerk via email, representing that "Amazon will agree to be bound by any validity or invalidity determination as to the '241 patent in the Manufacturer Actions if the Court would stay the Amazon case as to the '241 patent pending resolution of the Manufacturer Actions." The Court requested that the Parties meet and confer on the issue and on February 28, 2022, Amazon's counsel replied that Sonrai's counsel intended to continue to oppose the stay.

In this Court's judgment, Amazon has shown that, like LG, Dell, Apple, and Kingston, it too is entitled to a stay. *Accord* LG Action, ECF No. 40.

## II. CONCLUSION

For the foregoing reasons, the Court reconsiders the Original Order at ECF No. 25 in the above-captioned Action. It is therefore **ORDERED** that the Original Order at ECF No. 25 in the above-captioned Action is **VACATED** and **SUPERSEDED** by the Instant Order. It is further **ORDERED** that Sonrai's '241 patent claims against Amazon (Count I) are severed pursuant to Federal Rule of Civil Procedure 21. That severed action shall be **STAYED** (1) as to Accused Kioxia and Western Digital Chip pending resolution of the Kioxia Action and Western Digital Action; and (2) as to the Accused Samsung Chip pending resolution of the Samsung Action (or that part of the Samsung Action dedicated to the Accused Samsung Chip). This Action will otherwise proceed.

The Court's Clerk is instructed to:

4

- **VACATE** ECF No. 25 in this Action;

- **SEVER** Count I, as described in ECF No. 15, from this Action; and

- **STAY** the Severed Action (which should include all the parties at issue in this Action).

SIGNED this 1st day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE